NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN HARPER,

        Plaintiff - Appellant,

  v.

AMUR EQUIPMENT FINANCE, INC; WATSON & CHALIN MANUFACTURING, INC.; ARTISAN AND TRUCKERS CASUALTY COMPANY,

        Defendants - Appellees.

No. 24-2413

D.C. No. 3:22-cv-01723-YY

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Karin J. Immergut, District Judge, Presiding

Submitted November 12, 2025[**]

Before:    SCHROEDER, RAWLINSON, and NGUYEN, Circuit Judges.

John Harper appeals pro se from the district court's judgment dismissing his

diversity action alleging various claims arising from an incident in which a trailer

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Harper was pulling caught fire in Wyoming. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for lack of personal jurisdiction. *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 978 (9th Cir. 2021). We affirm.

The district court properly dismissed Harper's claims against Watson & Chalin Manufacturing, Inc ("W&C") for lack of personal jurisdiction because Harper failed to allege facts sufficient to establish that W&C had such continuous and systematic contacts with Oregon as to establish general personal jurisdiction, or sufficient claim-related contacts with Oregon to provide the court with specific personal jurisdiction over W&C. *See Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020-25 (9th Cir. 2017) (discussing requirements for general and specific personal jurisdiction).

We do not consider the district court's grant of summary judgment to Amur Equipment Finance, Inc. and Artisan and Truckers Casualty Company, because Harper did not address the district court's summary judgment order in his opening brief. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (explaining that "we will not consider any claims that were not actually argued in appellant's opening brief"); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992) (issues not supported by argument in pro se appellant's opening brief are deemed abandoned).

We reject as meritless Harper's contention that his due process rights were

violated.

**AFFIRMED.**